KM

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Alfred Ray Braxton, | ) | No. CV 06-3082-PHX-DGC (JCG) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Maricopa County Sheriff's Office, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Alfred Ray Braxton, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $6.50.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

JDDL-K

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Plaintiff names the following Defendants in the Complaint: (1) Maricopa County Sheriff's Office; (2) Lt. C.A. Kaiser; and (3) Detention Officer Kjellin, Maricopa County Fourth Avenue Jail.

Plaintiff raises two grounds for relief in the Complaint: (1) Defendants failed to transport Plaintiff to his brother's memorial service even though Plaintiff had a Court order requiring that he be transported to the service; and (2) Defendants' failure to transport Plaintiff constituted intentional infliction of emotional distress and psychological trauma. Plaintiff seeks money damages.

**IV.    Failure to State a Claim**

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct of the Defendants deprived him of a constitutional right.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).  Plaintiff has not alleged the violation of a constitutional right in any of his claims.

1       Although a pretrial detainee's claim for unconstitutional conditions of confinement

2 arises from the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment

3 provides a minimum standard of care for determining a pretrial detainee's rights. <u>Anderson</u>

4 <u>v. County of Kern</u>, 45 F.3d 1310, 1312-1313, <u>as amended</u>, 75 F.3d 448 (9th Cir.1995). To

5 state an Eighth Amendment claim, Plaintiff must allege that: (1) Defendants' conduct

6 resulted in either a deprivation of the "minimal civilized measure of life's necessities,"

7 <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981), or that Defendants' conduct put him at a

8 substantial risk of serious harm, <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); and (2) that

9 defendants displayed deliberate indifference to either the denial of minimal civilized

10 conditions or to a substantial risk of harm, <u>id.</u>, 511 U.S. at 837.  Without a showing of

11 deliberate indifference, no liability may be found.  <u>See id</u>.  As the Court stated:

> [A] prison official cannot be found liable under the Eighth
> Amendment for denying an inmate humane conditions of
> confinement unless the official knows of and disregards an
> excessive risk to inmate health or safety[.]

15 <u>Id</u>.

16       Whether the Jail's failure to transport Plaintiff to his brother's memorial service could

17 constitute an Eighth Amendment violation is unclear.  <u>See</u> <u>Thomas v. Farley</u>, 31 F.3d 557,

18 559 (7th Cir. 1994) (assuming without deciding that denying an inmate leave to attend a

19 funeral would state a claim "if the granting of such leave were customary and prison officials

20 denied it on a particular occasion or to a particular prisoner in order to cause psychological

21 distress, or with deliberate indifferent to [the inmate's] mental health.")  However, Plaintiff

22 has failed to allege facts that suggest Defendants acted with the required state of mind

23 because Plaintiff has not alleged that Defendants' failure to transport him was deliberate.

24 **V.     Leave to Amend**

25       For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

26 a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

27 amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

28 Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.     Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

1    **D.    Possible "Strike"**

2    Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

3    to file an amended complaint correcting the deficiencies identified in this Order, the

4    dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

5    Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

6    judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

7    occasions, while incarcerated or detained in any facility, brought an action or appeal in a

8    court of the United States that was dismissed on the grounds that it is frivolous, malicious,

9    or fails to state a claim upon which relief may be granted, unless the prisoner is under

10   imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

11   **E.    Possible Dismissal**

12   If Plaintiff fails to timely comply with every provision of this Order, including these

13   warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

14   1260-61 (a district court may dismiss an action for failure to comply with any order of the

15   Court).

16   **IT IS ORDERED:**

17   (1)    Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint,

18   is **granted**.

19   (2)    As required by the accompanying Order to the appropriate government agency,

20   Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.50.

21   (3)    The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has

22   **30 days** from the date this Order is filed to file a first amended complaint in compliance with

23   this Order.

24   (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

25   Court must, without further notice, enter a judgment of dismissal of this action with prejudice

26   that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

27   (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

28   rights complaint by a prisoner.

JDDL-K                                    - 5 -

1    DATED this 29th day of January, 2007.

2

3

4                                                    _____
5                                                          David G. Campbell
                                                        United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  General Information About the Civil Rights Complaint Form:

A.  <u>The Form</u>.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You  should  mail  THE  ORIGINAL  AND  ONE  COPY  of  your  complaint  with  the $350.00 filing fee or the application to proceed *in forma pauperis* to:

|  |  |  |
|---|---|---|
| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

E.  Certificate of Service on Defendants.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this __ day of     (month)    , (year) , to:
> Name:   _____
> Address:_____
>      Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F.  Original and Judge's Copy.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  Exhibits.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  Change of Address.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

<b>FINAL NOTE</b>

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, <br> (Full Name of Plaintiff)  Plaintiff, <br><br> vs. <br><br> _____, <br><br> _____, <br><br> _____, <br><br> _____, <br> (Full Name of Each Defendant)  Defendant(s). <br><br> _____ | ) <br> ) <br> ) <br> ) <br> ) **CASE NO.** _____ <br> ) (To be supplied by the Clerk) <br> ) <br> ) <br> ) **CIVIL RIGHTS COMPLAINT** <br> ) **BY A PRISONER** <br> ) <br> ) ☐ Original Complaint <br> ) ☐ First Amended Complaint <br> ) ☐ Second Amended Complaint <br> ) |

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

    b.  ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

    c.  ☐ Other:  (Please specify.) _____.

2.  Name of Plaintiff: _____.

    Present mailing address: _____.

          **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                    <span>(Institution)</span>

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                    <span>(Institution)</span>

    The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                    <span>(Institution)</span>

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                    <span>(Institution)</span>

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.   Case or docket number: _____.

d.   Claims raised: _____
_____
_____

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.   Approximate date lawsuit was filed: _____.

g.   Approximate date of disposition: _____.

4.   Second prior lawsuit:

a.   Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.   Case or docket number: _____.

d.   Claims raised: _____
_____
_____.

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.   Approximate date lawsuit was filed: _____.

g.   Approximate date of disposition: _____.

5.   Third prior lawsuit:

a.   Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.   Case or docket number: _____.

d.   Claims raised: _____
_____
_____.

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.   Approximate date lawsuit was filed: _____.

g.   Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer          ☐ Threat to safety          ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                                                          ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count I?                    ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?        ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not. _____
_____.

4

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____ .

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)   ☐ Mail        ☐ Access to the court      ☐ Medical care
     ☐ Disciplinary proceedings      ☐ Property       ☐ Exercise of religion      ☐ Retaliation
     ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each
     Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
     authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____ .

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                              ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count II?                 ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?        ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not. _____

_____ .

**COUNT III**

1.  The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____ .

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)  ☐ Mail         ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property       ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
    each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
    legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.  **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____ .

5.  **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
         your institution?                                                    ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
         why you did not.  _____
         _____ .

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                               DATE                                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.